FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2007 JUL 16  AM 10:49

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| DEBRA MAUL )<br>115 Causeway Boulevard )<br>Belleair Beach, FL 33786 )<br>)<br>Brings this action on behalf )<br>of the United States of America )<br>)<br>c/o Paul Perez )<br>United States Attorney )<br>Middle District of Florida )<br>400 N. Tampa Street, Room 320 )<br>Tampa, Florida 33602 )<br>)<br>and )<br>)<br>c/o )<br>Attorney General of the United )<br>States Department of Justice )<br>Washington, D.C. 20530 )<br>)<br>             Plaintiff, )<br>)<br>vs. )<br>)<br>AMERITOX, LLC and )<br>STERLING CAPTIAL )<br>PARTNERS )<br>)<br>             Defendants. )<br>_____) | CIVIL ACTION NO.<br>08:07-cv-00953-t-26eaj |

## AMENDED COMPLAINT

This is an action by *qui tam* Relator, Debra Maul, in the name of the United States Government, to recover penalties and damages arising from the Defendants, **AMERITOX, LLC's and STERLING CAPITAL PARTNERS'** unlawful and fraudulent use, practices and constructive termination of Relator, Debra Maul as detailed herein. These unlawful and

fraudulent practices have economically harmed the United States Government and are prohibited under the federal **False Claims Act**.

## PARTIES

1.  Relator, **DEBRA MAUL**, is a permanent resident and citizen of the United States of America. Relator brings this civil action for violations of 31 U.S.C. § 3729(a)(7) for herself and for the United States Government pursuant to 31 U.S.C. § 3730(b)(1).

2.  Defendant, **AMERITOX, LLC,** is a Texas corporation with its principal place of business in Midland, Texas. Sales Representatives work out of their homes and report to Midland, Texas.

3.  Defendant, **STERLING CAPITAL PARTNERS**, is an Illinois corporation with offices in Illinois and Maryland. **STERLING CAPITAL PARTNERS** is an investment firm that controls the interests in small to middle-market private companies through equity investments. **STERLING CAPITAL PARTNERS** has placed employees and decision making capacities at **AMERITOX, LLC**. Further, **STERLING CAPITAL PARTNERS** is a significant equity owner of **AMERITOX, LLC**.

## JURISDICTION AND VENUE

4.  This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.*

5.  Jurisdiction over this action is conferred on this Court by 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331 in that this action arises under the laws of the United States.

6.  Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) and (c) and 31 U.S.C. § 3732(a) because the Defendants, **AMERITOX, LLC and STERLING CAPITAL PARTNERS**, transact business in this District and the facts forming the basis for the Complaint occurred in this District.

## PRELIMINARY STATEMENT

7. Relator, **DEBRA MAUL**, was an employee of **AMERITOX, LLC** and most recently held the position of Senior Sales Representative. Ms. Maul was employed with **AMERITOX, LLC** from approximately March, 2005 until her constructive termination on May 17, 2006.

8. Defendant, **AMERITOX, LLC**, is a facility that provides urine drug testing to physicians who prescribe narcotics. Many of the patients treated carry medical insurance provided by the United States Government – Medicare and Medicaid.

9. Under the terms and conditions of the Medicare and Medicaid contracts, **AMERITOX, LLC** was responsible for ensuring that it properly billed Medicare and Medicaid for goods and services provided to patients under strict guidelines and fee schedules.

10. **AMERITOX, LLC** provided physicians with benefits and accoutrements and orchestrated billing, promotional and marketing policies which constituted improper compensation in exchange for the utilization of **AMERITOX, LLC's** services in violation of anti-kickback prohibitions.

11. RX Guardian is a patented urine test that measures how much of a prescription drug a patient is taking. Standard urine tests show a level of a drug present in a patient's urine, but are unable to relate the amount of drug present in a patient's urine to the dose of drug the patient is taking. RX Guardian is not FDA approved and is actively promoted by **AMERITOX, LLC**.

12. **AMERITOX, LLC** sends all urine screens <u>automatically</u> to a GC/MS confirmation test, without physician request. This results in unnecessary testing and attendant overtesting and overbilling. In addition, **AMERITOX, LLC** requires all

3

physicians to choose a testing panel and then tests all patients on the same panel, which could result in overbilling. **AMERITOX, LLC** misbranded its RX Guardian technology by representing to physicians that their RX Guardian was FDA approved and by not disclosing to physicians that the RX Guardian was not FDA approved or CLIA approved, which could result in physicians overtesting and overbilling.

13. Since the fall of 2006, **AMERITOX, LLC** has been screening for Oxycodone with an immunoassay and then confirming it with another immunoassay – the DRI Oxy. The FDA approval for the DRI Oxy specifically states:

> The assay provides only a preliminary analytical test result. A more specific alternative chemical method must be used to obtain a confirmed analytical. Gas chromatography/mass spectrometry (GC/MS) is the preferred confirmatory method. Clinical and professional judgment should be applied to any drug of abuse test result, particularly when preliminary results are used.

Relator believes that **AMERITOX, LLC** is billing Medicare and Medicaid for the DRI Oxy as a confirmation test.

14. **AMERITOX, LLC** had/has two billing policies and practices that are of concern:

A. If a patient's insurance does not cover the test with Ameritox, or the patient has not met their annual deductible, lab co-pay, etc., Ameritox sales representatives were told to relate to physicians that Ameritox would only send a patient one bill and that they would not send any patient to collection. Essentially, sales representatives were telling physicians that the patient could ignore the bill from Ameritox. Sales representatives were also told to tell the physician that the patient could call the Ameritox number on the bill and offer to pay $25 and Ameritox would "write-off" the balance of the bill.

B. Some physicians were offered a direct bill program for their patients who did not have insurance, regardless of the patient's financial situation. No

4

documentation was ever required to prove that a patient did not have insurance. It was then the physician's decision to bill the patient whatever amount he/she wanted and Ameritox would send the physician one bill for all the tests run on uninsured patients at the end of the month. The inducement was that Ameritox never collected on these bills but were merely written off by Ameritox. Sales representatives were told to tell physicians this procedure. Thus, if a physician billed an uninsured patient for an Ameritox test and collected money for the bill, the money was never paid to Ameritox and the physician kept the money.

15. To receive payment, directly or indirectly from the United States Government for supplying goods and medical services pursuant to the above, Defendants, **AMERITOX, LLC** and/or **STERLING CAPITAL PARTNERS** prepared billing invoices that overcharged for medical procedures performed.

16. Based upon the false billing practices, misbranding and false claims described above, Defendants, **AMERITOX, LLC** and **STERLING CAPITAL PARTNERS** obtained payment directly or indirectly from the United States Government for its services.

17. Relator, **DEBRA MAUL**, took immediate steps with her employer to address the serious problems raised by the actions of **AMERITOX, LLC** and/or **STERLING CAPITAL PARTNERS** of using the laboratory service, RX Guardian.

18. On May 31, 2006, Relator, **DEBRA MAUL**, was constructively terminated from her employment.

**COUNT I**
**FALSE CLAIMS ACT VIOLATION**

19. The allegations of the preceding paragraphs are realleged as if fully set forth herein.

20. Defendants, **AMERITOX, LLC** and **STERLING CAPITAL PARTNERS**, by and through its officers, agents and employees, knowingly presented or

caused to be presented to an officer or employee of the United States Government, false or fraudulent claims for payment and approval.

21. Defendants, **AMERITOX, LLC** and/or **STERLING CAPITAL PARTNERS**, by and through its officers, agents and employees, knowingly made, used or cause to be made or used, false records or statements, to get false or fraudulent claims paid or approved.

22. Based upon the false claims described above, Defendants, **AMERITOX, LLC** and/or **STERLING CAPITAL PARTNERS**, directly or indirectly obtain payment from the United States Government for its services it provides to patients covered under Medicare and Medicaid.

23. Defendants, **AMERITOX, LLC** and/or **STERLING CAPITAL PARTNERS**, by and through its officers, agents and employees, have authorized the actions of its various officers, agents and employees to take the actions set forth above.

24. The United States Government has sustained damages because of the acts of the Defendants, **AMERITOX, LLC** and/or **STERLING CAPITAL PARTNERS**, as a result of the Defendants' violation of the False Claims Act, 31 U.S.C. § 3729.

25. The actions described above occurred during the time period in which **AMERITOX, LLC** and/or **STERLING CAPITAL PARTNERS** were contractors or subcontractors with the United States Government pursuant to various contracts, including, but not limited to, the time period which Relator, **DEBRA MAUL**, was employed by the Defendants, **AMERITOX, LLC** and **STERLING CAPITAL PARTNERS**.

26. As set forth in the preceding paragraphs, Defendants, **AMERITOX, LLC** and **STERLING CAPITAL PARTNERS**, have knowingly violated 31 U.S.C. § 3729 and

has thereby damaged the United States Government by its action in an amount to be determined at trial.

## COUNT II

27. The allegations in the preceding paragraphs are realleged as if fully set forth below.

28. Relator, **DEBRA MAUL**, was constructively terminated by Defendants, **AMERITOX, LLC** and **STERLING CAPITAL PARTNERS**, by and through its officers, agents and employees, because of lawful acts done by her in furtherance of an action under the False Claims Act, including her opposition to illegal practices and participation in the investigation of an action under the False Claims Act.

29. Defendants' actions set forth above is in violation of 31 U.S.C. § 3730(h) and damaged Relator in an amount to be determined at trial.

30. WHEREFORE, Relator, on behalf of herself and the United States Government, prays:

   (a) That this Court order the Defendants, **AMERITOX, LLC** and **STERLING CAPITAL PARTNERS**, cease and desist from violating 31 U.S.C. § 3729;

   (b) That Relator be awarded all relief necessary to make her whole, including but not limited to, two times her back pay, interest on the back pay, and compensation for all special damages sustained, including attorneys' fees and costs.

   (c) That this Court enter judgment against Defendants in an amount equal to three times the amount of damages the United States Government has sustained because of its action, plus a civil penalty of $5,000 to $10,000

for each action in violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United Sates Government for its expenses related to this action;

(d)  That Relator be awarded all costs incurred, including reasonable attorneys' fees;

(e)  That in the event the United States Government continues to proceed with this action, Relator be awarded an amount for bringing this action in the amount of at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim;

(f)  That in the event the United States Government does not proceed with this action, Relator be awarded an amount that the court decides is reasonable for collecting the civil penalty and damages, which shall be not less than 25 percent nor more than 30 percent of the proceeds of the action or settlement;

(g)  That a trial by jury be held on all issues;

(h)  That the United States Government and Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

Dated: July 12, 2007                    Respectfully submitted,

By_____
DAVID J. LINESCH
Florida Bar No. 0376078
The Linesch Firm
700 Bee Pond Road
Palm Harbor, FL 34683
Voice: (727) 786-0000
Facsimile: (727) 786-0974
Email: laborlaw@lineschfirm.com
Attorney for Relator

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, U. S. Mail, this 12th day of July, 2007 to:

Paul Perez
U. S. Attorney
400 N. Tampa Street, Room 329
Tampa, FL 33602

Office of the Attorney General
U. S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

_____
DAVID J. LINESCH