

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

10 NOV 15  PM 12: 17

CLERK
MIDDLE DIST
TAMPA, FLORIDA

UNITED STATES, STATE OF          )
FLORIDA, COMMONWEALTH            )
OF MASSACHUSETTS, and            )
STATE OF TEXAS *ex rel.*         )
DEBRA MAUL,                      )
                                 )
    Plaintiffs                  )
                                 )          Civil Action No. 8:07-cv-00953-T-26EAJ
    v.                          )
                                 )          **FILED UNDER SEAL**
AMERITOX, LLC and                )
STERLING CAPITAL PARTNERS        )
                                 )
    Defendants.                 )
_____  )

## STIPULATION OF DISMISSAL

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions

of the False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms and conditions

of the Settlement Agreement effective as of November 4, 2010 ("the Settlement Agreement") among

the United States, Ameritox, Ltd. ("Ameritox"), and Relator Debra Maul (collectively, "the Parties"),

the United States and Relator hereby stipulate, through their undersigned counsel, to the entry of an

order: (1) dismissing with prejudice all civil monetary claims the United States has or may have

against Ameritox in this action under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil

Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C.

§§ 3801-3812; the common law theories of payment by mistake, unjust enrichment, and fraud, and

any statutory provision or common law claim for damages or other relief which the Civil Division

of the Department of Justice has actual and present authority to assert and compromise pursuant to

5-60

28 C.F.R. Part 0, Subpart I, § 0.45(d), for the following conduct (the "Covered Conduct"): (a) from January 1, 2003, through December 31, 2006, offering and/or paying cash remuneration to health care providers who referred drug testing business to Ameritox, which remuneration was intended, in whole or in part, to induce such referrals, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) ("AKS"), and the Prohibition Against Certain Physician Self-Referrals, 42 U.S.C. § 1395nn ("Stark Law"); (b) from January 1, 2003, through June 30, 2010, offering and/or providing, directly or through a third party, to health care providers who referred drug testing business to Ameritox, at the financial expense of Ameritox, remuneration in the form of the services of personnel placed in providers' offices, which remuneration was intended by Ameritox, in whole or in part, to induce such referrals, in violation of the AKS and Stark Law; and (2) dismissing all other claims in this action against Ameritox and Sterling Capital Partners ("Sterling") without prejudice to the United States and with prejudice to the Relator.

Relator, on behalf of herself, her heirs, successors, attorneys, agents, and assigns, stipulates that the Settlement Amount set forth in the Settlement Agreement and the terms and conditions described therein are fair, adequate, and reasonable under all the circumstances, that she will not challenge the settlement pursuant to 31 U.S.C. § 3730(c)(2)(B), and that she expressly waives the opportunity for a hearing on any objection to the settlement pursuant to 31 U.S.C. § 3730(c)(2)(B).

The State of Florida, the Commonwealth of Massachusetts, and the State of Texas (the "States") have entered into, or will enter into, separate settlement agreements with Ameritox, Ltd. and have authorized the undersigned counsel to the United States to inform the Court that the States consent to: (1) conditional dismissal with prejudice of any civil monetary cause of action that they have in this case against Ameritox for any claims submitted or caused to be submitted to the State's

2

Medicaid Programs as a result of the Covered Conduct, subject to the right of any state to move to re-open for cause within ninety days of the entry hereof; and (2) dismissal without prejudice of all other claims in this action against Ameritox and Sterling without prejudice to the States and with prejudice to the Relator, subject to the right of any state to move to re-open for cause within ninety days of the entry hereof.  In the absence of any objection by a state within ninety days of the entry hereof, this Order of Dismissal shall become effective as to each non-objecting state.

The United States and Relator respectfully request that the Court enter an order in the form of the attached proposed order.

Dated: _____Nov. 15_____, 2010

Respectfully submitted,

For the United States:          ROBERT E. O'NEILL
                                UNITED STATES ATTORNEY

                        By:     _____

                                LACY R. HARWELL, JR.
                                Assistant United States Attorney
                                Florida Bar. No. 714623
                                400 North Tampa Street, Suite 3200
                                Tampa, Florida 33602
                                Telephone:  813-274-6350
                                Randy.Harwell@usdoj.gov

                                Joyce R. Branda
                                Daniel R. Anderson
                                Richard S. Nicholson
                                Attorneys, Civil Division
                                U.S. Department of Justice
                                P.O. Box 261, Ben Franklin Station
                                Washington, D.C. 20044
                                Tel: (202) 616-0345

3

Washington, D.C. 20044
Tel: (202) 616-0345

For Relator Debra Maul:

DAVID J. LINESCH, ESQ.
700 Bee Pond Road
Palm Harbor, FL 34683

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Stipulation of Dismissal has

been sent by United States Mail this __15th__ day of November, 2010, to the following:

David J. Linesch, Esq.
700 Bee Pond Road
Palm Harbor, FL 34683
Counsel for Debra Maul

Donna Rohwer
Assistant Attorney General
Office of the Attorney General
Florida Medicaid Fraud Control Unit
3507 East Frontage Road, Suite 325
Tampa, FL 33607

Christen Sorrell
Assistant Attorney General
Texas Medicaid Fraud Control Unit
Office of the Attorney General
6330 Highway 290 East, Suite 250
Austin, Texas 78723

Robert Patten
Assistant Attorney General
Office of the Attorney General
Massachusetts Medicaid Fraud Control Unit
One Ashburton Place, Room 1813
Boston, MA 02108

LACY R. HARWELL, JR.
Assistant United States Attorney