UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES, STATE OF FLORIDA, COMMONWEALTH OF MASSACHUSETTS, and STATE OF TEXAS *ex rel.* DEBRA MAUL,<br><br>Plaintiffs<br><br>v.<br><br>AMERITOX, LLC and STERLING CAPITAL PARTNERS<br><br>Defendants. | Civil Action No. 8:07-cv-00953-T-26EAJ<br><br>**FILED UNDER SEAL** |

FILED 2010 NOV 16 PM 2:59
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## ORDER OF DISMISSAL

AND NOW, this ___16___ day of __November__, 2010, WHEREAS the United States has filed a Notice of Intervention in Part and Declination in Part for Purposes of Settlement of this action ("Notice"); and

WHEREAS the United States and Relator Debra Maul, by their counsel, have filed a Stipulation of Dismissal ("Stipulation"), pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms and conditions of a Settlement Agreement effective as of November 4, 2010 ("the Settlement Agreement") among the United States, Ameritox, Ltd. ("Ameritox"), and Relator; and

WHEREAS the State of Florida, the Commonwealth of Massachusetts, and the State of Texas (the "States") have entered into, or will enter into, separate settlement agreements with

Ameritox, Ltd. and have authorized the counsel to the United States to inform the Court that the States consent to dismissal with prejudice or certain claims and dismissal without prejudice or certain claims, as set forth in the Notice; and

WHEREAS Relator, on behalf of herself, her heirs, successors, attorneys, agents, and assigns, has stipulates that the Settlement Amount set forth in the Settlement Agreement and the terms and conditions described therein are fair, adequate, and reasonable under all the circumstances, that she will not challenge the settlement pursuant to 31 U.S.C. § 3730(c)(2)(B), and that she expressly waives the opportunity for a hearing on any objection to the settlement pursuant to 31 U.S.C. § 3730(c)(2)(B);

NOW THEREFORE, in consideration thereof, and in accordance with such Notice and Stipulation, it is hereby ORDERED that:

1. All civil monetary claims the United States has or may have against Ameritox in this action under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the common law theories of payment by mistake, unjust enrichment, and fraud, and any statutory provision or common law claim for damages or other relief which the Civil Division of the Department of Justice has actual and present authority to assert and compromise pursuant to 28 C.F.R. Part O, Subpart I, § 0.45(d), for the following conduct (the "Covered Conduct"): (a) from January 1, 2003, through December 31, 2006, offering and/or paying cash remuneration to health care providers who referred drug testing business to Ameritox, which remuneration was intended, in whole or in part, to induce such referrals, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) ("AKS"), and the Prohibition Against Certain Physician Self-Referrals, 42 U.S.C. § 1395nn ("Stark Law"); (b) from

January 1, 2003, through June 30, 2010, offering and/or providing, directly or through a third party, to health care providers who referred drug testing business to Ameritox, at the financial expense of Ameritox, remuneration in the form of the services of personnel placed in providers' offices, which remuneration was intended by Ameritox, in whole or in part, to induce such referrals, in violation of the AKS and Stark Law, are hereby DISMISSED WITH PREJUDICE; and

2. All other claims of the United States in this action against Ameritox and Sterling Capital Partners ("Sterling") are DISMISSED WITHOUT PREJUDICE to the United States and DISMISSED WITH PREJUDICE to Relator.

3. All civil monetary causes of action of the State of Florida, the Commonwealth of Massachusetts, and the State of Texas (the "States") have or may have in this case against Ameritox for any claims submitted or caused to be submitted to the State Medicaid Program as a result of the Covered Conduct are hereby conditionally DISMISSED WITH PREJUDICE; and

4. All other claims of the States in this action against Ameritox and Sterling are conditionally DISMISSED WITHOUT PREJUDICE to the States and DISMISSED WITH PREJUDICE to Relator.

5. The conditional dismissal of state claims in paragraphs 3 and 4 hereof are subject to the right of any state to move to re-open for cause within ninety days of the entry hereof. In the absence of any objection by a state within ninety days of the entry hereof, the dismissal of such state claims shall become final as to each non-objecting state.

IT IS SO ORDERED in chambers at Tampa, Florida, this day of ___/6___ of

___November___ 2010.

BY THE COURT:

_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE


cc:   AUSA Randy Harwell
      400 North Tampa St., Suite 3200
      Tampa, FL 33602

      Richard S. Nicholson
      Trial Attorney, Civil Division
      U.S. Department of Justice
      P.O. Box 261, Ben Franklin Station
      Washington, D.C. 20044

      David J. Linesch, Esq.
      700 Bee Pond Road
      Palm Harbor, FL 34683

      Donna Rohwer
      Assistant Attorney General
      Office of the Attorney General
      Florida Medicaid Fraud Control Unit
      3507 East Frontage Road, Suite 325
      Tampa, FL 33607

      Christen Sorrell
      Assistant Attorney General
      Texas Medicaid Fraud Control Unit
      Office of the Attorney General
      6330 Highway 290 East, Suite 250
      Austin, Texas 78723

Robert Patten
Assistant Attorney General
Office of the Attorney General
Massachusetts Medicaid Fraud Control Unit
One Ashburton Place, Room 1813
Boston, MA 02108